**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ARCH INSURANCE COMPANY<br>*as Subrogee of* FAIRFIELD TOWNSHIP<br>VOLUNTEER FIRE COMPANY NO. 1,<br>Plaintiff,<br><br>v<br><br>CAROL & DAVE'S ROADHOUSE, INC.,<br>Defendant and Third-<br>Party Plaintiff,<br><br>v<br><br>FAIRFIELD TOWNSHIP VOLUNTEER FIRE<br>COMPANY NO. 1 and DEAN CALDWELL and<br>TRISA CALDWELL,<br>Third-Party Defendants. | )<br>)<br>)<br>)  **2:11-cv-801**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OPINION AND ORDER OF COURT**

Pending before the Court is the MOTION OF PLAINTIFF PURSUANT TO F.R.CIV.P. 12(b)(6) TO DISMISS COUNT II OF DEFENDANT'S THIRD-PARTY COMPLAINT (Document No. 15), with brief in support, filed by the original Plaintiff Arch Insurance Company ("Arch"), as subrogee of Fairfield Township Volunteer Fire Department ("Fairfield VFD"). Defendant/Third-Party Plaintiff Carol & Dave's Roadhouse, Inc. ("Carol & Dave's") filed a brief in opposition to the motion and it is ripe for disposition.

Factual and Procedural History

This case arises from a wedding day fiasco. Dean and Trisa Caldwell (the "Caldwells") allegedly rented the Fairfield VFD fire hall on October 3, 2009 to host a wedding reception. Carol & Dave's was the caterer. The rental agreement limited use of the kitchen to the water and ice machine, but this information allegedly was not conveyed to Carol & Dave's. There was a

gas stove in the kitchen. When an employee of Carol & Dave's used the stove, it caught fire and the fire hall was destroyed. Allegedly, Fairfield VFD knew that the stove and/or its connection to the power source was defective. Arch paid in excess of $500,000 in benefits to Fairfield VFD under its insurance policy.

Arch filed this subrogation action against Carol & Dave's to recover the amounts it paid under the policy, alleging negligence. Carol & Dave's filed an "Answer and Crossclaim."[1] The same day, Carol & Dave's filed a two-count Third-Party Complaint. In Count 1, Carol & Dave's alleges that the Caldwells were negligent in failing to communicate the limitations on the use of the kitchen.[2] In Count 2, Carol & Dave's alleges that Fairfield VFD was negligent in failing to communicate the defective condition of the stove. Arch filed the pending motion to dismiss Count 2 of the Third-Party Complaint.

Discussion

The Court may exercise jurisdiction over this case arising under Pennsylvania law due to the diversity of citizenship of the parties. In essence, Arch contends that under Pennsylvania law, because it filed the original complaint as subrogee of Fairfield VFD, Carol & Dave's cannot assert a third-party claim against its subrogor. In *Allstate Indemnity Co. v. Martin*, 2011 WL 2790265 (E.D. Pa. July 15, 2011) (involving a similar subrogation claim arising from a house fire), Judge Joyner recently addressed this precise issue and stated: "Subrogation is defined as the "substitution of one person in the place of another with reference to a lawful claim, demand

---

[1] No "crossclaim" was asserted in this document (Document No. 6), although, as their "Third Defense," Defendant asserted that Arch's damages were caused by the Caldwells and/or Fairfield VFD. The Court's electronic filing system references that a "counterclaim" was attached to the Third Party Complaint (Document No. 7), but no such document is attached.

[2] Dean Caldwell filed an answer to the third-party complaint and crossclaims against Carol & Dave's, Fairfield VFD and Trisa Caldwell. Dean Caldwell avers, inter alia, that he does not reside with Trisa Caldwell and that he did not enter into a rental agreement with Fairfield VFD by which use of the kitchen was restricted.

or right, so that he who is substituted succeeds to the rights of the other in relation to the debt or claim, and its rights, remedies or securities." *Id*. at \*2 (citing Black's Law Dictionary).  An insurance company has the right to stand in the shoes of its insured to collect from the alleged tortfeasor after it has paid an amount which represents the tortfeasor's debt to the insured.  *Id*.  Similarly, the insurance company is "subject to all defenses that could be raised" against the insured.  *Id*.  Accordingly, Judge Joyner dismissed a third-party complaint against the homeowner and reasoned that the defendants' assertions should have been filed as affirmative defenses or as a counterclaim against the insurance company.  *Id*.  This recent analysis of the applicable Pennsylvania law is persuasive.  Because Fairfield VFD is, in essence, the plaintiff in this case, it cannot also be a third-party defendant.  As explained in *Allstate*, an individual cannot be liable in tort to himself.  *Id*.  Accordingly, Carol & Dave's may not assert a third-party complaint against Fairfield VFD.

That does not end the analysis, however.  Arch asks the Court to dismiss the third-party claim against Fairfield VFD with prejudice.  In *Schwab v. Erie Lackawanna R. Co*., 438 F.2d 62, 64 (3d Cir. 1971), the Court of Appeals for the Third Circuit recognized that "crossclaims" and "counterclaims" are sometimes mis-labeled and affirmed the district court's decision to disregard this "technical error."  Carol & Dave's has requested leave to re-assert the liability of Fairfield VFD as an affirmative defense and/or counterclaim to Arch's claims.  Leave to amend, at this early stage of the case, is to be liberally granted and is appropriate under the facts and circumstances of this case.

In summary, the MOTION OF PLAINTIFF PURSUANT TO F.R.CIV.P. 12(b)(6) TO DISMISS COUNT II OF DEFENDANT'S THIRD-PARTY COMPLAINT (Document No. 15) will be **GRANTED IN PART AND DENIED IN PART.**  The third-party claim against

Fairfield VFD will be dismissed and Fairfield VFD will be removed as a party. However, Carol & Dave's will have the opportunity to re-assert the liability of Fairfield VFD as an affirmative defense and/or counterclaim to Arch's claims.

An appropriate Order follows.

McVerry, J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ARCH INSURANCE COMPANY** *as Subrogee of* FAIRFIELD TOWNSHIP VOLUNTEER FIRE COMPANY NO. 1, Plaintiff, <br><br> v <br><br> **CAROL & DAVE'S ROADHOUSE, INC.,** Defendant and Third-Party Plaintiff, <br><br> v <br><br> **FAIRFIELD TOWNSHIP VOLUNTEER FIRE COMPANY NO. 1 and DEAN CALDWELL and TRISA CALDWELL,** Third-Party Defendants. | 2:11-cv-801 |

**ORDER OF COURT**

AND NOW, this 27th day of September, 2011, for the reasons set forth in the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED and DECREED** that the MOTION OF PLAINTIFF PURSUANT TO F.R.CIV.P. 12(b)(6) TO DISMISS COUNT II OF DEFENDANT'S THIRD-PARTY COMPLAINT (Document No. 15) is **GRANTED IN PART AND DENIED IN PART.** The third-party claim against Fairfield VFD is dismissed and Fairfield VFD is removed as a third-party defendant. On or before October 11, 2011, Carol & Dave's may re-plead the liability of Fairfield VFD as an affirmative defense and/or counterclaim to Arch's claims. Arch shall file a response to the amended pleading on or before October 21, 2011.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc: **Jeffrey C. Sotland, Esquire**
Email: jsotland@defensecounsel.com

**Mark L. Reilly, Esquire**
Email: Mark1.Reilly@cna.com

**James W. Harvey, Esquire**
Email: jharvey@margolisedelstein.com

**Mark R. Lane, Esquire**
Email: mrl@dellmoser.com