IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARCH INSURANCE COMPANY<br>*as Subrogee of* FAIRFIELD TOWNSHIP<br>VOLUNTEER FIRE COMPANY NO. 1,<br>Plaintiff,<br><br>v<br><br>CAROL & DAVE'S ROADHOUSE, INC.,<br>Defendant and Third-<br>Party Plaintiff,<br><br>v<br><br>DEAN CALDWELL and TRISA CALDWELL,<br>Third-Party Defendants. | 2:11-cv-801 |

**MEMORANDUM OPINION AND ORDER OF COURT**

Pending before the Court is the MOTION TO DISMISS FOR LACK OF JURISDICTION (Document No. 37), with brief in support, filed by Defendant/Third-Party Plaintiff Carol & Dave's Roadhouse, Inc. ("Carol & Dave's") on October 25, 2011. Plaintiff Arch Insurance Company ("Arch"), as subrogee of Fairfield Township Volunteer Fire Department ("Fairfield VFD") filed a response and brief in opposition to the motion and it is ripe for disposition.

Factual and Procedural History

As more fully described in the Memorandum Opinion of the Court dated September 27, 2011 (the "September 27 Opinion"), this case arises from a wedding day fiasco. Dean and Trisa Caldwell (the "Caldwells") rented the Fairfield VFD fire hall to host a wedding reception. Carol & Dave's was the caterer. When an employee of Carol & Dave's used the stove, it caught fire

1

and the fire hall was destroyed.   Arch paid in excess of $500,000 in benefits to Fairfield VFD under its insurance policy.

Arch filed this subrogation action against Carol & Dave's to recover the amounts it paid under the policy, alleging negligence.  Carol & Dave's filed an "Answer and Crossclaim" and a two-count Third-Party Complaint on September 20, 2011.  In the September 27 Opinion, the Court dismissed the third-party claim against Fairfield VFD and removed it as a party.  In reaching that decision, the Court noted that it "may exercise jurisdiction over this case arising under Pennsylvania law due to the diversity of citizenship of the parties."  Carol & Dave's now seeks to revisit that issue.

Discussion

Carol & Dave's recognizes that, on its face, this case satisfies the diversity of citizenship requirement because Plaintiff is a Missouri corporation and the original Defendant is a Pennsylvania corporation.  However, Carol & Dave's contends that Arch should be viewed as a Pennsylvania resident because it is acting as a subrogee of Fairfield VFD.  In other words, Carol & Dave's argues that because the alleged real party in interest Plaintiff (i.e., Fairfield VFD) and the Defendants are all Pennsylvania residents, there is no diversity of citizenship.  Carol & Dave's has not cited any authority for this proposition.[1]

Arch contends that the motion is untimely and is wrong on the merits.  The Court agrees that jurisdiction is proper in this case.  It is true that an insurance company stands in the shoes of its insured after it has paid an amount which represents the tortfeasor's debt to the insured and is subject to all defenses that could be raised against the insured.  *Allstate Indemnity Co. v. Martin*,

---

[1] Carol & Dave's also suggests that Fairfield VFD is a political subdivision which must be sued in Westmoreland County.  Arch contends that this is factually incorrect, because Fairfield VFD is a registered, non-profit corporation.

2011 WL 2790265 (E.D. Pa. July 15, 2011). Nevertheless, it is "settled law" that once the insurer has paid the amounts due under the insurance policy, the insurance company is a real party in interest. *Hancotte v. Sears, Roebuck & Co.,* 93 F.R.D. 845, 846 (E.D. Pa. 1982) (citations omitted). Arch has paid over $500,000 to Fairfield VFD and seeks to recover that money in this lawsuit. Thus, there is no basis for disregarding the actual citizenship of Arch.[2] *See Ingram v. DESA*, 2008 WL 2246428 at *5 (E.D. Pa. 2008) (citations omitted) ("a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy"). Indeed, because Arch is a real party in interest, diversity jurisdiction would exist even if Fairfield VFD has not been fully compensated and may also have a potential claim against Defendants. *Id*. at *5-6 and n.7.

In summary, the MOTION TO DISMISS FOR LACK OF JURISDICTION (Document No. 37) will be **DENIED.**

An appropriate Order follows.

McVerry, J.

---

[2] This is not a "direct action *against* the insurer," see 28 U.S.C. § 1332(c)(1) (emphasis added), in which the insurer will be deemed a citizen of the state of its insured.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ARCH INSURANCE COMPANY** *as Subrogee of* FAIRFIELD TOWNSHIP VOLUNTEER FIRE COMPANY NO. 1, Plaintiff, <br><br> v <br><br> **CAROL & DAVE'S ROADHOUSE, INC.,** Defendant and Third-Party Plaintiff, <br><br> v <br><br> **DEAN CALDWELL and TRISA CALDWELL,** Third-Party Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )  2:11-cv-801 |

## ORDER OF COURT

AND NOW, this 5th day of December, 2011, for the reasons set forth in the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED and DECREED** that the MOTION TO DISMISS FOR LACK OF JURISDICTION (Document No. 37) is **DENIED**.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc:   **Jeffrey C. Sotland, Esquire**
Email: jsotland@defensecounsel.com
**Mark L. Reilly, Esquire**
Email: Mark1.Reilly@cna.com
**James W. Harvey, Esquire**
Email: jharvey@margolisedelstein.com
**Mark R. Lane, Esquire**
Email: mrl@dellmoser.com